UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| KINDERCARE EDUCATION LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NEW JERESY FIRE EQUIPMENT, et al.,<br><br>    Defendants. | Civil Action No.<br><br>2:16-CV-04211-CCC-SCM<br><br>**OPINION AND ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**<br><br>**[D.E. 99]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff's, Kindercare Education LLC's ("Kindercare"), informal motion to file a third amended complaint.[1] Defendant, New Jersey Fire Equipment LLC ("NJ Fire"), opposed the motion,[2] and Kindercare replied.[3] Defendant, Rapid Response Monitoring, Inc. ("Rapid Response"), neither consented to nor opposed the motion. The Court has reviewed the parties' respective submissions, heard oral argument on March 11, 2019, and for the reasons set forth herein, Kindercare's motion to file an amended complaint is **GRANTED** in part and **DENIED** in part.

---

[1] (ECF Docket Entry ("D.E.") 99, Pl.'s Mot. to Am.). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

[2] (D.E. 99-4, Def.'s Opp'n).

[3] (D.E. 99-5, 101-2, Pl.'s Reply).

## I. BACKGROUND AND PROCEDURAL HISTORY[4]

This action stems from an electrical fire that occurred at Kindercare's New Jersey center on September 16, 2014.[5] Kindercare alleges that NJ Fire and Rapid Response ("the Defendants"), are "responsible" for the fire, and alleges claims of breach of contract, breach of warranty, and negligence against Defendants.[6]

According to the complaint, Kindercare hired and paid NJ Fire to perform various services at the Center including monitoring, installation, testing, maintenance and repair of the fire suppression system, as well as installation of a radio communicator. NJ Fire was responsible for ensuring that the Center's alarm system was communicating with the central monitoring station, but failed to correctly install the wireless communicator and discover that the wireless communicator was loose, damaged, and/or disconnected.

Rapid Response, the other defendant, entered into a written contract with Kindercare to provide electronic security and fire alarm monitoring services. Rapid Response was responsible for alerting the police and/or fire department if and when alarms were triggered, but allegedly failed to alert the fire department of any signals received as a result of the fire. Kindercare alleges that Rapid Response failed to ensure that the integrated fire suppression system was operating properly.

---

[4] The Court relies upon the allegations set forth within the record for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 99-2, Proposed Third Am. Compl. at 6).

[6] *Id.*

Kindercare filed its original complaint in this Court on July 12, 2016 and amended the complaint on November 16, 2016.[7] On June 7, 2017, Kindercare amended its complaint again to add Rapid Response as a defendant.[8] On September 27, 2018, the Court set an October 13, 2018 deadline for responding to written discovery requests, a January 15, 2019 deadline for completing fact depositions, and an October 16, 2018 deadline for Plaintiff to request leave to amend its complaint if the parties were unable to agree to a proposed amended complaint.[9]

Kindercare requested leave to file a third amended complaint on October 18, 2018.[10] The proposed amended complaint contains new factual allegations and two new claims, one for negligence *per se* and the other for punitive damages.[11] For its negligence *per se* claim, Kindercare seeks to add claims that the integrated fire suppression system at its Center was not properly designed, installed, programmed, inspected and maintained by all the Defendants, in accordance with various state statutes and nationally recognized industry standards.[12] Kindercare alleges that as a result of Defendants' negligence, the fire alarm signal was not transmitted properly and not detected by Rapid Response. For its punitive damages claim, Kindercare alleges that the acts and omissions of defendants were malicious and in wanton and willful disregard of the consequences of the acts and omission.[13]

---

[7] (D.E. 1, Compl.);(D.E. 36, First Am. Compl.).

[8] (D.E. 58, Second Am. Compl.).

[9] (D.E. 94, Case Management Order).

[10] (D.E. 99, Pl.'s Mot. to Am.).

[11] (D.E. 99-2, Proposed Third Am. Compl.).

[12] (D.E. 99-2, Count Eight, Proposed Amended Complaint).

[13] (D.E. 99-2, Count Ten, Proposed Amended Complaint).

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges have the authority to decide any non-dispositive motion designated by the Court.[14] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[15] Motions to amend are non-dispositive.[16] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[17]

## III. DISCUSSION & ANALYSIS

The threshold inquiry in deciding a motion to amend is whether the motion was filed within the deadline set by the scheduling order.[18] If the motion is not filed within the deadline, "Rule 16 requires a moving party to demonstrate good cause for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading."[19] Whether good cause exists turns on the diligence of the moving party.[20] A Rule 16 "good cause" analysis is unnecessary where a party moved to amend its pleading within the scheduling order deadline.[21]

---

[14] 28 U.S.C. § 636(b)(1)(A).

[15] L. Civ. R. 72.1(a)(1).

[16] *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998).

[17] 28 U.S.C. § 636(b)(1)(A).

[18] *See White v. Smiths Detection, Inc., et al*., No. 10-478, 2013 WL 1845072, at *11 (D.N.J. April 30, 2013).

[19] *Schwartz v. Avis Rent a Car System, LLC*, No. 11-4052 (JLL), 2013 WL 2182078, at *2 (D.N.J. May 20, 2013) (internal citations and quotations omitted).

[20] *Id.* at *4.

[21] *See, e.g., Watson v. Sunrise Senior Living Services, Inc*., No. 10-230 (KM), 2013 WL 103966, at *10 (D.N.J. Jan. 8, 2013).

Kindercare filed its request for leave to amend on October 18, 2018, two days after the scheduling order deadline. Although Kindercare's request was filed two days late, the Court will only conduct a Rule 15 analysis, because Kindercare's failure to meet the scheduling order deadline by a few days does not alter its inability to overcome its Rule 15 issues of futility with respect to the punitive damages and negligence *per se* counts.

Rule 15 represents a "liberal approach to the amendment of pleadings" in that it aims to "ensure that … claim[s are] … decided on the merits rather than on technicalities."[22] The rule does, however, authorize the Court to deny a party leave to amend its pleading in certain instances; namely, "where … [it] finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment."[23] "The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted."[24] To determine futility, the Court employs the standard applied to Rule 12(b)(6) motions to dismiss, asking whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face."[25]

The Court denies Kindercare's request to amend to add a count of negligence *per se* because it finds the claim would be futile. "Violation of a statute or regulation may provide the basis for negligence *per se* when the following three elements are present: '1) the statute or regulation must clearly apply to the conduct of the defendant; 2) the defendant must violate the

---

[22] *Id.* at 2.

[23] *Id.*

[24] *Id.*

[25] The Court employs the standard applied to Rule 12(b)(6) motions to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997). Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007);

statute or regulation; and 3) the violation of the statute must proximately cause the plaintiff's injuries.'"[26] "The concept of negligence *per se* allows a litigant, and ultimately a court, to invoke a statute to supply elements of a negligence claim ( e.g. duty and breach), when a defendant violates a statute that is designed to prevent the particular harm at issue and meets other applicable criteria."[27]

Kindercare's claim for negligence *per se* is a tort-based claim barred by the economic loss doctrine. "The economic loss doctrine prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract."[28] Here, Kindercare's claims against Defendants are based on its contractual relationship with its service providers, Defendants NJ Fire and Rapid Response. Because Kindercare has already asserted breach of contract and breach of warranty claims against NJ Fire and Rapid Response for failing to ensure that their services were provided professionally and in accordance with industry standards, Kindercare's tort claim of negligence *per se* against Defendants would be barred as a matter of law by the economic loss doctrine. Therefore, the Court finds that the negligence *per se* claim would be futile.

---

[26] *Vassallo v. Bank of N.Y.*, No. CV 15–3227, 2016 WL 1394436, at *4 (D.N.J. Apr. 8, 2016) quoting *Cecile Indus., Inc. v. United States*, 793 F.2d 97, 99 (3d Cir. 1986)).

[27] *Baptiste v. Bethlehem Landfill Company*, 18-2691, 2019 WL 1219709 (E.D. Pa. March 13, 2019) (internal citations and quotations omitted). *See also Redland Soccer Club, Inc. v. Dept. of Army of U.S.*, 55 F.3d 827, n. 15 (3d Cir. 1995) ("The principles of negligence *per se* aid plaintiffs in establishing a breach of duty.").

[28] *Coleman v. Deutsche Bank Nat. Trust Co.*, 15-1080(JLL)(JAD), 2015 WL 2226022, at *4 (D.N.J. May 12, 2015) (quoting *Duquesne Light Co. v. Westinghouse Elec. Co.,* 66 F.3d 604, 618 (3d Cir.1995).

The Court finds Kindercare's proposed punitive damages claim to be futile as well. "Under New Jersey law, breaches of contract, even if intentionally committed, do not warrant an award of punitive damages in the absence of a showing that defendant also breached a duty independent of that created by the contract."[29] As explained earlier, Kindercare has alleged breach of contract and breach of warranty claims against Defendants. Kindercare alleges that it contracted with Defendants to provide services and that Defendants failed to provide these services in a professional manner. Kindercare does not allege that Defendants breached any non-contractual duties. Furthermore, the Court finds the claim to be futile because "punitive damages are not a distinct cause of action."[30]

Finally, Kindercare seeks to add a number of factual allegations encompassed in its "Facts and Allegations Common to All Causes of Action" section of the complaint, encompassed within paragraphs 9 to 57 of the proposed amended complaint.[31] Kindercare argues that the amended additional allegations are based on facts that arose during discovery. For example, Kindercare argues that it had no knowledge that the system was operating with an incorrectly programmed wireless dialer until testing was completed. Defendant NJ Fire's objections to the amended complaint were primarily based on the new causes of action on punitive damages and negligence *per se*. NJ Fire did not argue that any of Kindercare's proposed additional allegations in the factual background section were futile but objected only that it disagreed with some of Kindercare's characterizations of factual events. The Court finds that good cause exists to add these allegations

---

[29] *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1194 (3d Cir. 1993).

[30] *See Zodda v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. CIV. 13-7738 FSH, 2014 WL 1577694, at *5 (D.N.J. Apr. 21, 2014).

[31] (D.E. 99-2).

as they merely arise from Kindercare's diligence in obtaining discovery, and that it would not be futile to add allegations that conform the allegations to evidence obtained. NJ Fire will have the opportunity to contest Kindercare's characterization of the facts at trial, but a disagreement as to a factual characterization that is not based on futility, is insufficient to warrant denial of a motion to amend.

## IV. CONCLUSION

For the forgoing reasons, Kindercare's motion to file a third amended complaint is hereby **GRANTED** in part and **DENIED** in part.

An appropriate Order follows:

### ORDER

**IT IS** on this Friday, March 22, 2019,

1. **ORDERED**, that Plaintiff Kindercare's motion to file a third amended complaint, D.E. 99, is **GRANTED in part** and **DENIED in part**; and it is further

2. **ORDERED** that Kindercare shall file a third amended complaint consistent with the Court's Opinion to include only the factual allegations the Court has permitted; and it is further

3. **ORDERED** that Kindercare shall file its amended complaint within ten (10) days of this Order. Responses shall be filed in accordance with Federal Rule of Civil Procedure 15(a)(3).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/22/2019 6:27:34 PM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.

cc: All parties
File